# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2023 WY 91

*April Term, A.D. 2023*

**September 20, 2023**

ROBERTO OLAGUE,

**Appellant
(Defendant),**

**v.**

**THE STATE OF WYOMING,**

**Appellee
(Plaintiff).**

**S-23-0134, S-23-0135**

### ORDER AFFIRMING THE DISTRICT COURT'S JUDGMENTS

[¶1]   **This matter** came before the Court upon its own motion following filing of Appellant's *Pro Se* Supplemental Brief. Pursuant to a plea agreement, Appellant resolved the two district court cases that give rise to the captioned consolidated appeals. In S-23-0134, Appellant challenges the district court's January 31, 2023, Judgment and Sentence entered in docket 2021-CR-35-00667. In that docket, Appellant entered an unconditional "no contest" plea to one count of felony theft. Wyo. Stat. Ann. § 6-3-402. On that conviction, the district court imposed a two to four-year sentence, which was suspended in favor of three years of probation. In S-23-0135, Appellant challenges the district court's January 31, 2023, Judgment and Sentence entered in docket 2022-CR-35-00776. In that docket, Appellant entered an unconditional "no contest" plea to one count of unauthorized use of a vehicle, a misdemeanor. Wyo. Stat. Ann. § 31-11-102. On that conviction, the district court imposed a sentence of credit for time served.

[¶2]   On July 21, 2023, Appellant's court-appointed appellate counsel filed a Motion to Withdraw as Counsel, pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). This Court subsequently entered an Order Granting Motion for Extension of Time to File *Pro Se* Brief. This Court ordered that, on or before September 7, 2023, Appellant was permitted to file with this Court a *pro se* brief specifying the issues he would like the Court to consider in this appeal. This Court also provided notice that,

after the time for filing a *pro se* brief expired, this Court would make its ruling on counsel's motion to withdraw and, if appropriate, make a final decision on this appeal. Appellant subsequently filed his *Pro Se* Supplemental Brief.

[¶3]    Now, following a careful review of that brief, the records, and the *Anders* brief submitted by appellate counsel, this Court finds appellate counsel's motion to withdraw should be granted and the district court's judgments should be affirmed. Regarding any speedy trial claim, this Court notes Appellant's unconditional no contest pleas waived such a non-jurisdictional claim. *Kitzke v. State*, 2002 WY 147, ¶¶ 8-9, 55 P.3d 696, 699 (Wyo. 2002) ("Analysis of these claims must begin with the observation that an unconditional guilty [or no contest] plea waives all non-jurisdictional defenses, including claims based on the alleged deprivation of constitutional rights. . . . Non-jurisdictional defects include the use of inadmissible evidence, the use of unlawfully obtained statements, a claim that a grand jury was improperly convened and conducted, and a claim of violation of the right to speedy trial.") It is, therefore,

[¶4]    **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant Roberto Olague, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶5]    **ORDERED** that, in docket S-23-0134, the Laramie County District Court's January 31, 2023, Judgment and Sentence be, and the same hereby is, affirmed; and it is further

[¶6]    **ORDERED** that, in docket S-23-0135, the Laramie County District Court's January 31, 2023, Judgment and Sentence be, and the same hereby is, affirmed.

[¶7]    **DATED** this 20th day of September, 2023.

BY THE COURT:

/s/

**KATE M. FOX**
**Chief Justice**